JUSTICE TRIEWEILER
specially concurring.
I concur with the majority opinion. I write in response to the dissent which, in my opinion, ignores the plain language of the statute we have been asked to construe, relies on authorities which are not *238 remotely related to the issue we have been asked to decide, and would treat simple negligence as a felony punishable by ten years in prison and a $50,000 fine.
Although the dissent correctly states that when we interpret a statute we should neither insert what has been omitted nor omit what has been inserted, the dissent repeatedly omits critical language from § 45-5-207, MCA, when it discusses that statute. The criminal endangerment statute does not, as the dissent suggests, simply punish someone who “knowingly engages in conduct.” It punishes someone who “knowingly engages in conduct that creates a substantial risk of death or serious bodily injury.” Any straightforward analysis of what “knowingly” refers to in the criminal endangerment statute must include the qualitative description of the kind of conduct that is engaged in. The dissent repeatedly ignores that critical language.
For example, it is clear, based on the plain language of the statute, that it would not be sufficient to prove that a person knowingly drove in a northerly direction in a southbound lane if he or she assumed that the road was closed for construction. The statute, by its plain terms, would only punish that type of conduct if a person drove in a northerly direction in a southbound lane knowing that southbound traffic might also be using that lane. Any other interpretation is nonsensical. It is not knowingly engaging in conduct that is prohibited; it is knowingly engaging in a specific type of conduct that is prohibited. It is impossible to grammatically separate “knowingly” from the specific danger presented by a person’s conduct.
The dissent goes to great lengths to point out that based on the facts in this case there was, obviously, evidence that Lambert was aware that his conduct would create a substantial risk of harm to .others. I agree. However, it is impossible for us to say that his conviction was based on a finding by the jury that he was aware that his conduct presented a substantial risk of harm to others because the jury was never properly advised that that kind of finding had to be the basis for its verdict. Therefore, it makes no difference what a rational trier of fact could have found based on the evidence in this case, because we do not know what this jury would have found had it been correctly instructed regarding the law applicable to this case.
None of the cases cited by the dissent involved an issue regarding the necessary mental state for the crime of criminal endangerment. None of them involved a jury instruction related to the necessary mental state for the crime of criminal endangerment. At most, they discuss facts, and conclude that those facts could or could not suffice *239 to support a conviction for the crime. Therefore, I see no point to the dissent’s reliance on them as authority for the issue with which we are concerned in this case.
In this case, there is evidence that the defendant, after consuming alcoholic beverages, entered the highway in the wrong direction, knowing that to do so would create a substantial risk of harm to other motorists on the highway. However, based on the argument of the dissent, the same conduct could be punished as a felony under circumstances which would have led no one to believe that it was dangerous. For example, assume that the same stretch of highway was under construction and was closed off to through traffic at points north and south of Lambert’s point of entry. Assume that instead of Lambert entering the highway at that location, a vehicle driven by an employee of the State Department of Transportation turned onto the highway, proceeding in a northerly direction in the southbound lane, but believing that the highway barricades would be honored and no one else would be using the highway. Further assume that it was Lambert proceeding in the southbound lane, but that he had ignored the construction signs, and therefore, collided with the Transportation Department vehicle. Based on the dissent’s interpretation of the criminal endangerment statute, it would be the driver of the Transportation Department vehicle who committed a felony punishable by ten years in prison and a $50,000 fine because the driver of that vehicle knowingly engaged in the same conduct that Lambert engaged in in this case. The fact that the driver of that vehicle had every reasonable expectation that what he did was safe would make no difference under the law.
The dissent is based on a grammatically incorrect reading of the statute, finds no support in the prior decisions of this Court, and would lead to absurd results.
For these reasons, I concur with the majority opinion.